STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Mad River Valley Ambulance Service | } | |
| (Appeal of Siebert and Lawson) | } | Docket No. 137-7-05 Vtec |
|  | } | |

Decision and Order on Motions to Dismiss and for Summary Judgment

Appellants Kirsten Siebert and Sandy Lawton appealed from a decision of the Planning Commission of the Town of Waitsfield dated June 23, 2005, approving Appellee-Applicant Mad River Valley Ambulance Service's application to amend three conditions of its 1999 permit. Appellants are represented by Paul Gillies, Esq.; Appellee-Applicant Mad River Valley Ambulance Service is represented by John W. O'Donnell, Esq.; the Town is represented by Joseph McLean, Esq.; Interested Person Jean Sherman appeared and represents herself; and Interested Person Roberta Bonnette appeared through her daughter, Necia Massey, who holds a power of attorney on her behalf.

Appellee-Applicant has moved to dismiss the appeal for lack of standing of both Appellants and for raising issues beyond the scope of the Planning Commission's proceedings. Appellants have moved for summary judgment on the issue of party status and also arguing that the Planning Commission was without jurisdiction to amend

conditions in the permit, which they characterize as a conditional use permit. All references to statutory sections are to the statutes as amended in 2004. The following facts are undisputed unless otherwise noted.

Standing of Appellants Kirsten Siebert and Sandy Lawson

Appellants both reside at 4199 Main Street, adjacent to Appellee-Applicant's facility. No party disputes that they meet the interested person definition in 24 V.S.A. §4465(b)(3). However, in order to bring an appeal to the Environmental Court, 10 V.S.A. §8504(b)(1), an interested person must also satisfy the participation requirements of 24 V.S.A. §4471(a). Participation is defined in 24 V.S.A. §4471(a) as consisting of "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."

As appears from the minutes at page 4, Appellant Kirsten Siebert attended the October 6, 2004 public hearing and testified at that hearing.[1] Moreover, she submitted

---

[1] "Kirsten Siebert, abutter, reported that this lot is used as a U-turn for cars, trailers, dump trucks, etc. and is bad for children." Minutes of October 6, 2004 Planning Commission public hearing, at 4.

at least one[2] letter to the Planning Commission, on January 28, 2005, stating her concerns regarding Appellee-Applicant's facility. She therefore qualifies as an interested person, under 24 V.S.A. §4465(b)(3), who participated in the proceedings as required by 24 V.S.A. §4471(a). Accordingly, Appellee-Applicant's motion to dismiss Appellant Kirsten Siebert is HEREBY DENIED, and therefore its motion to dismiss the appeal is also DENIED.

On the other hand, while Mr. Lawton qualifies as an interested person under 24 V.S.A. §4465(b)(3), he did not participate in the proceedings below as required by 24 V.S.A. §4471(a) and 10 V.S.A. §8504(b)(1). The written submission made by Appellant Kirsten Siebert was signed only by her; Mr. Lawton has not proffered any instances of written or oral submissions made by him. Accordingly, he has not met the participation requirement to qualify as an appellant under 24 V.S.A. §4471(a).

---

[2] See also Planning Commission June 23, 2005 Notice of Decision, listing three items of written correspondence received from Ms. Siebert, two addressed to the Planning Commission, and one addressed to Appellee-Applicant.

However, the requirement that a party have participated in the hearing below, 24 V.S.A. §4471(a), is only a prerequisite for bringing an appeal; it is not required in order to participate as an interested person in an appeal brought by another, 10 V.S.A. §8504(b)(1). See, e.g., Appeal of Sparkman, Docket No. 208-11-04 Vtec (Vt. Envtl. Ct, March 7, 2005) (entry order, cited in published decision of March 22, 2005) (parties dismissed for lack of standing allowed to apply in writing to "continue as interested parties in the Sparkman appeal if they only meet 24 V.S.A. § 4465(b)(3)").

Appellee-Applicant's motion to dismiss Mr. Lawton as a party appellant is HEREBY GRANTED, without prejudice to his applying to continue in the appeal as an interested party.


Standing of Roberta Bonnette and Jean Sherman

These two parties entered their respective appearances as interested persons after the appeal was filed; they did not file the appeal as parties appellant. Accordingly, their failure to present the required "statement of concern" regarding this application at the hearings would not of itself bar them from participating in the appeal brought by Appellants, as long as the appeal is not dismissed for other reasons.

On the other hand, any interested person must demonstrate the requisite interest for individual standing under 24 V.S.A. §4465(b)(3). Without knowing the location of these individuals' properties or how they may be alleged to be affected by the proposed

project, we cannot determine whether they may have or lack standing to participate in the appeal. Accordingly, Appellee-Applicant's motion to dismiss them is DENIED on the ground stated, but without prejudice to its renewal on other grounds, if applicable. Please be prepared to discuss at the conference whether any discovery is required to address such renewed motion.

Scope of De Novo Proceeding; Jurisdiction of the Planning Commission

Appellee-Applicant has moved to dismiss on the grounds that the four issues raised in the statement of questions were not raised to the Planning Commission, or not raised by Appellants. Appellants have moved for summary judgment on the grounds that the Planning Commission had no jurisdiction of this application, as it was or should have been filed with the Zoning Board of Adjustment as an application to amend a conditional use permit.

This Court stands in the place of the Planning Commission, and may take whatever action on the application that the Planning Commission could have taken regarding the application before it. Issues regarding the Planning Commission's subject-matter jurisdiction (and hence the jurisdiction of the Court in this de novo appeal), may be raised at any time.

However, without the application that was before the Planning Commission we are

unable to determine what action was requested of the Planning Commission, and therefore whether that request was properly within the Planning Commission's jurisdiction. That is, if the conditions that Appellee-Applicant is seeking to change originated in the Planning Commission's site plan approval, it is possible that they need to be ruled on by the Planning Commission as an amendment to the site plan approval, in advance of (or instead of) the ZBA's consideration of those issues in connection with conditional use approval.

Accordingly, we do not now rule on the Motion to Dismiss or on the Motion for Summary Judgment on these issues. On or before December 8, 2005, Appellee-Applicant shall submit copies of the original site plan approval decision (or minutes), original conditional use approval decision(or minutes), and zoning permit, as well as the current application (without attachments). We will hold a telephone conference on December 12, 2005, (see enclosed notice) to discuss the issues remaining in the present motions, including whether this appeal should proceed as the appeal of the Planning Commission's decision, or whether any portion of this matter must be remanded or should await any application by Appellee-Applicants for an amendment of its conditional use approval as well.

Accordingly, based on the foregoing, Appellee-Applicant's Motion to Dismiss the appeal for lack of party status is DENIED, because its Motion to Dismiss Kirsten Siebert as an appellant is DENIED. Appellee-Applicant's Motion to Dismiss Sandy Lawson as a party-appellant is GRANTED, but Mr. Lawson is free to intervene as an interested party in the Siebert appeal. Appellee-Applicant's Motion to Dismiss Roberta Bonnette and Jean Sherman as interested persons is DENIED, without prejudice to the motion's renewal on grounds related to standing as an interested person under 24 V.S.A. §4465(b)(3). The

remaining motions will be discussed at the December 12, 2005 conference.

Done at Berlin, Vermont, this 1st day of December, 2005.

_____

Merideth Wright

Environmental Judge